# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                               No. CR 10-2217 JB

JOSE VELAZCO-BARRAZA,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion to Determine Mental Competency of Defendant, filed December 23, 2009 (Doc. 9); (ii) the Psychological Report prepared by Dr. Sam Roll, Ph.D., P.A., filed July 15, 2010 (Doc. 18)("Report"); (iii) the Letter from Brian Pori to the Court (dated August 27, 2010), filed August 27, 2010 (Doc. 20); and (iv) the Letter from Brian Pori to the Court (dated September 10, 2010), filed September 10, 2010 (Doc. 23). The Court held a competency hearing on August 25, 2010. The primary issues are: (i) whether the Court should order Defendant Jose Velazco-Barraza committed to the custody of the Attorney General to be evaluated for mental competency and have it determined whether he can be treated to competency; and (ii) whether the Court should order that Velazco-Barraza's dangerousness be evaluated concurrently with his competency. Because the Court finds, by a preponderance of the evidence, that Velazco-Barraza is not presently competent to assist properly in his defense, the Court will order that Velazco-Barraza be committed to the custody of the Attorney General so that he can be evaluated for mental competency and it can be determined whether he can be treated to competency. The Court denies Velazco-Barraza's request to have his dangerousness evaluated

concurrently with his competency, because the Court interprets 18 U.S.C. § 4241 to require that

Velazco-Barraza's competency must be evaluated first.

After a competency hearing conducted pursuant to 18 U.S.C. § 4247(d), if

the court finds, by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody Attorney General.  The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . .

18 U.S.C. § 4241(d).  Such hospitalization must be "for such a reasonable period of time, not to

exceed four months, as is necessary to determine whether there is a substantial probability that in

the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go

forward." Id. § 4241(d)(1).  "If, at the end of the time period specified, it is determined that the

defendant's mental condition has not so improved as to permit proceedings to go forward, the

defendant is subject to the provisions of section[] 4246 . . . ."  18 U.S.C. § 4241(d).

Under section 4246, a court must evaluate a defendant's dangerousness:

If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, . . . . [t]he court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(a).  "Prior to the date of the hearing, the court may order that a psychiatric or

psychological examination of the defendant be conducted, and that a psychiatric or psychological

report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."  18 U.S.C.

§ 4246(b).  The psychiatric or psychological report will include, "if the examination is ordered under

-2-

section . . . 4246, whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."  18 U.S.C. § 4247(c)(4)(C).

On July 15, 2010, Dr. Roll provided a psychological evaluation of Velazco-Barraza.  At the hearing, both parties agreed that the Court should use Dr. Roll's evaluation to make its findings with respect to Velazco-Barraza's competency.  See Transcript of Hearing at 4:1-10 (taken August 25, 2010)("Tr.")(Court, Pori, Messec).[1]  The Court thus adopts Dr. Roll's findings and evaluation.  Dr. Roll's evaluation finds, in relevant part, as follows:

> Mr. Velazco-Barraza can repeat almost in rote fashion the roles of the various persons involved in judicial proceedings.  However, when asked any questions that cannot be responded to by rote, his responses becomes confused and irrelevant.  For example, when asked about his responsibility if a witness against him says something that Mr. Velazco-Barraza considers to be untrue, Mr. Velazco-Barraza responded, Es major quedar callado. Hablar lo que el juez me dicta y no offender. (It is better to keep quiet. I should say only what the judge orders me to and not give offense.)
>
> * * * *
>
> Mr. Velazco-Barraza suffers from mental retardation, organic brain damage, and psychotic-level thinking.  His understanding of the facts of his case and the judicial process is at the rote level and easily disrupted.   His cognitive limitations, disorganized thinking, disruptions in his orientation to time and space, and his failure to distinguish fantasy from reality, make it impossible for Mr. Velazco-Barraza to meaningfully cooperate with his lawyer with a reasonable degree of rational understanding.

Report at 2-3.

Dr. Roll's report is the only evidence of Velazco-Barraza's competency currently before the Court.  The Court finds that Dr. Roll's report establishes, by a preponderance of the evidence, that

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Velazco-Barraza "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to . . . assist properly in his defense . . . ." 18 U.S.C. § 4241(d). The Court will thus "commit the defendant to the custody of the Attorney General . . . for . . . a reasonable period of time, not to exceed four months, . . . to determine whether there is a substantial probability that in the foreseeable future [Velazco-Barraza] will attain the capacity to permit the proceedings to go forward . . . ." Id.

Velazco-Barraza further requests, and Plaintiff United States of America does not object, that, at the conclusion of Velazco-Barraza's period of evaluation and treatment, the Bureau of Prisons be ordered to file a report with the Court responding to four questions:

> 1. Does Mr. Velazco-Barraza now have a rational as well as a factual understanding of the charges against him?
>
> 2. Does Mr. Velazco-Barraza now have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding?
>
> 3. If Mr. Velazco-Barraza does not presently have a rational or factual understanding of the charges or presently does not have sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, is there a substantial probability that in the foreseeable future Velazco-Barraza will attain the capacity to permit the proceedings to go forward?
>
> 4. If Mr. Velazco-Barraza does not presently have a rational or factual understanding of the charges or presently does not have sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, then would his release create a substantial risk of bodily injury to another person or serious damage to the property of another?

Proposed Order Committing Defendant for Competency Evaluation and Treatment, filed August 17, 2010 (Doc. 22). See Tr. at 5:11-7:19 (Court, Pori)(revising the questions in the Proposed Order).

The first three questions address Velazco-Barraza's competency in accord with 18 U.S.C. §§ 4241(d), 4247(c)(4)(A). Section 4241(d) provides that:

> The Attorney General shall hospitalize the defendant for treatment in a suitable

-4-

facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward . . . .

18 U.S.C. § 4247(c)(4)(A) provides that "[a] psychiatric or psychological report . . . shall include . . . , if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Because the questions are permissible and appropriate under the statutes that apply to Velazco-Barraza, the Court will order the examiner to answer these questions in the report.

The fourth question addresses Velazco-Barraza's dangerousness. Velazco-Barraza's attorney requests, and the United States does not oppose, that the Court order that Velazco-Barraza's dangerousness be evaluated while he is hospitalized for his competency examination. See Letter from Brian Pori to the Court (dated September 10, 2010); Letter from Brian Pori to the Court (dated August 27, 2010); Tr. at 6:5-21 (Pori). Velazco-Barraza's attorney prefers that both the competency and dangerousness evaluations be performed concurrently so that the same evaluators perform both assessments, and to avoid multiplying the difficulty of transporting Velazco-Barraza between the courthouse and the Bureau of Prison's psychiatric units. See Letter from Brian Pori to the Court (dated September 10, 2010); Letter from Brian Pori to the Court (dated August 27, 2010); Tr. at 6:5-21 (Pori).

While the Court is sympathetic to Velazco-Barraza's concerns, the Court denies this request, because the Court does not believe that it has the authority to order an evaluation of Velazco-Barraza's dangerousness under 18 U.S.C. § 4246 before Velazco-Barraza completes his hospitalization and examination under 18 U.S.C. § 4241(d). A court may order an examination of

a defendant's dangerousness if the defendant is subject to 18 U.S.C. § 4246(b).  Section 4241

provides that, "[i]f, at the end of the time period specified [for the competency evaluation], it is

determined that the defendant's mental condition has not so improved as to permit proceedings to

go forward, the defendant is subject to the provisions of sections 4246 and 4248."  18 U.S.C § 4241

(emphasis added).  Accordingly, the Tenth Circuit Court of Appeals has explained that determining

whether a defendant is competent to stand trial occurs in three steps.

> Determining whether an accused is competent to stand trial is a three step process.
> See generally United States v. Deters, 143 F.3d 577, 579-80 (10th Cir.1998)
> (reviewing the process).  First, if there is "reasonable cause to believe that the
> defendant may presently be suffering from a mental disease or defect rendering him
> mentally incompetent," the court may order a psychiatric or psychological
> examination of the defendant.  18 U.S.C. § 4241(a).  At the second stage, the court
> uses the psychological report and conducts a hearing to determine whether the
> defendant is competent.  If the defendant is not found to be competent, the court
> must order the defendant hospitalized for up to four months to determine whether the
> defendant will become competent in the foreseeable future.  The court may order
> additional hospitalization if it finds there is a substantial probability that within the
> additional time, the defendant will become competent.  See id. § 4241(d).  At the
> third stage, after the specified period of confinement has expired, the court
> determines whether the defendant is competent and thus ready to stand trial.  If still
> found not to be competent, the defendant must be released unless the court finds that
> he presents a substantial risk of harm to others.  See id. §§ 4241(d), 4246; United
> States v. Steil, 916 F.2d 485, 486-87 (8th Cir.1990).

United States v. Boigegrain, 155 F.3d 1181, 1184 n.1 (10th Cir. 1998)(emphasis added).

The Court does not have, nor does it want, freestanding powers to order defendants to

undergo dangerousness examinations, and a plain reading of the statutory language reveals that the

Court must await the completion of the competency evaluation before Velazco-Barraza is "subject

to the provisions of section[] 4246."  In the United States, society does not commit people for

dangerousness evaluations merely because having such knowledge might be a good idea.  Certain

prerequisites must be met.  The Court does not want Velazco-Barraza staying in the Attorney

General's custody even one extra day to answer that question if that question never needs to be

answered.

The Court is cognizant that the Bureau of Prisons' beds at the Federal Medical Center are scarce, and that having Velazco-Barraza travel to Albuquerque to attend hearings may cause delay -- even significant delay -- as he waits for a bed not once, but twice.  It may well be more efficient to do all four proposed questions at the same time.  The nation's concerns for personal liberty without undue restraint, however, is paramount to concerns for efficiency.  Consequently, the Court denies the Defendant's request to have Velazco-Barraza's dangerousness evaluated concurrently with his competency.

**IT IS ORDERED** that: (i) Defendant Jose Velazco-Barraza is committed to the custody of the Attorney General for psychological evaluation and treatment for a reasonable period of time, not to exceed four months; (ii) the evaluating psychologists shall report on Velazco-Barraza's status sixty, ninety, and one-hundred-twenty days after he is taken into custody; (iii) these psychologist's reports shall address the following questions: (a) does Velazco-Barraza now have a rational as well as a factual understanding of the charges against him? (b) does Velazco-Barraza now have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding? (c) if Velazco-Barraza does not presently have a rational or factual understanding of the charges or presently does not have sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, is there a substantial probability that in the foreseeable future Velazco-Barraza will attain the capacity to permit the proceedings to go forward? (iv) pursuant to 18 U.S.C. § 3163(h)(1)(A), the period of time from the filing of the Defendant's Motion to Determine Mental Competency of Defendant, filed December 23, 2009 (Doc. 9), to the entry of an order finding Velazco-Barraza competent is excluded for the purposes of calculating the Defendant's speedy trial rights; and (v) pursuant to rule 12.2(c)(4) of the Federal Rules of Criminal Procedure,

neither any statement made by Velazco-Barraza in the course of this evaluation and treatment, nor

testimony by any expert based upon such statement, nor other fruits of any such statement shall be

admitted in evidence against him in any criminal proceeding except on an issue respecting mental

condition on which he has introduced testimony.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Kenneth J. Gonzales
   United States Attorney
Mary Catherine McCulloch
   Assistant United States Attorney
Albuquerque, New Mexico

          *Attorneys for the Plaintiff*

Stephen P. McCue
   Federal Public Defender
Brian A. Pori
   Assistant Federal Public Defender
Albuquerque, New Mexico

          *Attorneys for the Defendant*